UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TRAVIS LEE RYANS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:13-cv-234-SKL |
| ) | |
| KOCH FOODS, LLC, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Defendant's motion in limine to exclude evidence pertaining to any claim of direct negligence against Defendant [Doc. 81]. Defendant seeks to exclude this evidence under Rules 401, 402, and 403 of the Federal Rules of Evidence on the grounds that it is irrelevant for the reasons set out in Defendant's motion for partial summary judgment and memorandum in support [Docs. 39, 40] on Plaintiffs' direct negligence claims. Defendant lists 22 items from Plaintiffs' pretrial disclosures which, along with any related witness testimony, Defendant seeks to exclude from trial [Doc. 81 at Page ID # 1055-56].

Plaintiffs filed a response to Defendant's motion in limine [Doc. 91] requesting the Court to deny the motion. Plaintiffs state that although they are not pursuing claims for negligent hiring or entrustment, there is a genuine issue of material fact as to Defendant's negligence in supervising and training the driver involved in the accident on September 24, 2015. Plaintiffs also rely on their arguments in response to Defendant's motion for partial summary judgment [Docs. 49, 50]. Plaintiffs make no arguments specifically addressing Defendant's list of exhibits to be excluded if its motion is granted.

By a separate order, the Court has granted the portion of Defendant's motion for partial summary judgment seeking judgment on Plaintiffs' direct negligence claims. Because Plaintiffs' direct negligence claims have been dismissed, the Court **FINDS** that evidence of Defendant's alleged direct negligence is irrelevant and inadmissible under Rules 401 and 402 of the Federal Rules of Evidence. Accordingly, Defendant's motion in limine to exclude evidence pertaining to any claim of direct negligence against Defendant [Doc. 81] is hereby **GRANTED**.

The parties are **ORDERED** to discuss the 22 items from Plaintiffs' pretrial disclosures identified by Defendant and any related witness testimony and to notify the Court during the Final Pretrial Conference of any remaining issues regarding the admissibility of said 22 items and testimony for any purposes other than Plaintiffs' direct negligence claims addressed herein.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE