TRAVIS LEE RYANS, *et al.*,  )
                                         )
      Plaintiffs,                   )
                                         )
v.                                         )         No. 1:13-cv-234-SKL
                                         )
KOCH FOODS, LLC,              )
                                         )
      Defendant.                 )

## **ORDER**

Before the Court is Plaintiffs' motion in limine to exclude reference to any standards for the construction zone in question other than the Manual on Uniform Traffic Control Devices (the "MUTCD") [Doc. 108].[1] Plaintiffs argue that the contract between non-party Traffic Specialists, Inc. ("TSI") and the State of Tennessee Department of Transportation (the "TSI Contract") [Doc. 108-1 at Page ID # 1566] required TSI to comply with the MUTCD without mentioning any other standards. Plaintiffs state that the MUTCD does not require the presence of a law enforcement officer. Plaintiffs further argue Plaintiff Travis Ryans had no independent choice on where to locate his vehicle within the construction zone, but had to follow "the plan approved and regulated by the State of Tennessee," citing Plaintiff Travis Ryans' deposition testimony that he was sure the TSI crew told him where he should be [Doc. 108-2 at Page ID # 1575]. Plaintiffs allege that an inspector for the State of Tennessee was present to monitor TSI's compliance with the MUTCD.

---

[1] Plaintiffs' motion was originally filed as Document 72, and later refiled at the request of the Court because certain text appeared to be missing from the original filing.

Defendant filed a response to Plaintiffs' motion in limine [Doc. 97]. Defendant argues that the TSI Contract does not make the MUTCD the exclusive standard governing the construction zone, and that the drawings within the Contract [Doc. 108-1 at Page ID # 1568-69] do not indicate where a law enforcement officer was to be located within the construction zone. Defendant further argues that the TSI Contract did not restrict Plaintiff Travis Ryans' discretion or negate the training he had received regarding law enforcement officers' placement in construction zones.

The parties agree that the MUTCD does not address the placement of a law enforcement officer within the construction zone. In addition, Plaintiffs have not shown that the MUTCD, the TSI Contract, or the instructions of TSI were binding as to Plaintiff Travis Ryans' location within the construction zone.[2] Accordingly, Plaintiffs' motion in limine to exclude reference to any standards for the construction zone in question other than the MUTCD [Doc. 108] is hereby **DENIED**. Plaintiffs' originally filed motion [Doc. 72] is **TERMINATED**.

SO ORDERED.

ENTER:

                                        s/ *Susan K. Lee*
                                        SUSAN K. LEE
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The case cited by Plaintiffs, *Gorman v. Earhart*, 876 S.W.2d 832, 836 (Tenn. 1994), holds that the MUTCD does not apply to private individuals, but only to "public authorities engaged in or concerned with . . . maintenance work on public . . . highways and those persons or other legal entities having a contractual relationship with public authorities." The case does not address either the alleged exclusivity of the MUTCD or the placement of law enforcement officers within construction zones.