UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| TRAVIS LEE RYANS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-234-SKL |
| | ) | |
| KOCH FOODS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is Defendant's motion in limine under Rule 402 of the Federal Rules of Evidence to exclude all evidence that Plaintiff Travis Ryans ("Plaintiff Ryans") has suffered any mental, emotional, or psychological injury or any loss of mental acuity or memory [Doc. 74]. Defendant seeks to exclude this evidence on the grounds that Plaintiffs' Complaint [Doc. 1-2] and Amended Complaint [Doc. 20] allege only injuries to Plaintiff Ryans' "head, neck, back and body," without mentioning any mental, emotional, or psychological injury or any mental acuity or memory loss. Defendant also argues that Plaintiffs have not disclosed or identified any health care provider or other expert who can testify regarding any mental, emotional, or psychological injury or any mental acuity or memory loss by Plaintiff Ryans.

Plaintiffs have filed a response agreeing that Plaintiff Ryans is not alleging he suffered any mental illness or diagnosable mental injury [Doc. 90]. Plaintiffs, however, argue that their Amended Complaint [Doc. 20 at Page ID # 90] requested compensatory damages, which Tennessee Pattern Jury Instructions-Civil 14.01 says include past and future medical expenses, loss of earning capacity, permanent injury, physical pain and mental suffering (which includes "anguish, grief, shame or worry"), and loss of enjoyment of life. Plaintiffs argue that both

Plaintiff Ryans and Plaintiff Phoebe Catron-Ryans[1] ("Plaintiff Catron-Ryans") testified in their respective depositions to the nature and extent of Plaintiff Ryans' injuries, including their effect on Plaintiff Catron-Ryans and on their marriage. Plaintiff Catron-Ryans' deposition testimony included testimony that she has found Plaintiff Ryans to be more forgetful since the accident. Plaintiffs argue in the alternative for an amendment to conform the pleadings to the evidence.[2]

In reply, Defendant argues that just because a claim for compensatory damages may include mental suffering does not mean that all claims for compensatory damages must include mental suffering [Doc. 101]. Defendant contrasts the Amended Complaint's description of Plaintiff Ryans' injuries with the descriptions of the injuries of two "former Co-Plaintiffs," which expressly mentioned emotional injury, post-traumatic stress disorder, and/or depression.[3] Defendant does not respond to Plaintiffs' alternative argument regarding an amendment to conform the pleadings to the evidence.

Plaintiffs agree that Plaintiff Ryans has suffered no mental illness or diagnosable mental injury. Defendant's argument goes further, however, equating "mental suffering" with "mental injury," and arguing that Plaintiffs should not be able to present evidence of either one. Defendant offers no authority for the proposition that a person who has suffered no medically

---

[1] The case docket reflects the spelling "Katron-Ryans" as set out in the original complaint [Doc. 1-2]. The spelling "Catron-Ryans" appears in Plaintiff Catron-Ryans' deposition [Doc. 90-2]. The Court accordingly uses the latter spelling herein.

[2] Plaintiffs also make an argument regarding a "settlement notebook" connected with a mediation of this case. Defendant objects to this information under Fed. R. Evid. 408(a)(2) and Local Rule 16.4(h) in its reply [Doc. 101]. Defendant does not, however, address any of the exceptional circumstances addressed in Fed. R. Evid. 408(b). Because Defendant's motion can be disposed of on other grounds, the Court finds it unnecessary to consider Plaintiffs' argument regarding the settlement notebook or Defendant's objection to the same.

[3] The Court notes that neither Plaintiff Michael Schuler nor Plaintiff Orville Foster alleged physical injury in the accident, and were therefore bringing causes of action of a different nature than Plaintiff Ryans.

2

Case 1:13-cv-00234-SKL  Document 141  Filed 07/17/15  Page 2 of 3  PageID #: 1798

identifiable mental, emotional, or psychological injury cannot have endured mental suffering, including anguish, grief, shame, or worry, and cannot have suffered a loss of enjoyment of life. Defendant also offers no authority for the proposition that Plaintiffs were required to plead mental suffering specially. Finally, Defendant has failed to respond to Plaintiffs' alternative argument for an amendment to conform the pleadings to the evidence contained in Plaintiffs' respective depositions regarding mental suffering.

Accordingly, Defendant's motion in limine to exclude all evidence that Plaintiff Travis Ryans has suffered any mental, emotional, or psychological injury or any loss of mental acuity or memory [Doc. 74] is hereby **GRANTED IN PART** insofar as it concerns mental, emotional, or psychological injury or any medically diagnosed loss of mental acuity or memory, and **DENIED IN PART** insofar as it concerns mental suffering and loss of enjoyment of life. The Court will **RESERVE RULING** on the admissibility of lay testimony regarding any mental acuity or memory loss until trial. Plaintiffs are **ORDERED** to address this matter further outside the presence of the jury before attempting to elicit testimony regarding any mental acuity or memory loss. The parties should be prepared to address at that time the admissibility of lay testimony as to mental acuity or memory loss in support of a claim for compensatory damages for mental suffering or loss of enjoyment of life.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE