UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| TRAVIS LEE RYANS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-234-SKL |
| | ) | |
| KOCH FOODS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's motion in limine under Rules 401, 402, and 403 of the Federal Rules of Evidence to exclude certain photographs and videos as irrelevant or as prejudicial [Doc. 75]. Plaintiffs have filed a response agreeing to certain portions of Defendant's motion and opposing the remainder [Doc. 86]. Defendant has replied [Doc. 102] and this matter is now ripe.

**I.      STANDARDS**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible" unless otherwise provided by the Constitution, a federal statute, or the Federal Rules of Evidence, and "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Relevant evidence may be excluded by the court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II. ANALYSIS

Defendant seeks the exclusion of certain photographs and videos Plaintiffs listed in their Amended Pretrial Disclosures [Doc. 67]. The parties' arguments are addressed in turn below.

### A. Amended Pretrial Disclosure Item 1: Video of Popper Truck

Defendant seeks to exclude item 1 of Plaintiffs' Amended Pretrial Disclosures [Doc. 67], a video taken by non-party Clint Viel showing an employee of non-party Traffic Specialists, Inc. performing reflector replacement on a roadway by means of a "popper truck" (the "Popper Video") [Doc. 75 at Page ID # 982].[1] Defendant argues that the Popper Video is not an accurate reflection of the work being done at the time of the accident because the Popper Video was taken on an unknown roadway that was not in a fog zone. According to Defendant, in a fog zone, the reflectors are closer together so that a worker would generally walk with the popper truck, presumably in contrast to what is being shown in the video.[2] Defendant also argues that the Popper Video is irrelevant because the replacement of reflectors is not relevant to Plaintiffs' claims.

Plaintiffs argue that the Popper Video will assist the jury to understand, among other things, the construction work being done on the night of the accident, why the work being done was a mobile operation, how the warnings are set up in a mobile operation, and why Plaintiff Travis Ryans ("Trooper Ryans") placed his patrol car where he did [Doc. 86 at Page ID # 1093, 1095-96]. Plaintiffs argue that as long as the circumstances in the Popper Video are substantially similar to the circumstances on the night of the accident, any discrepancies between the Popper

---

[1] Defendant states that it presumes this is the video to which Plaintiffs are referring, and Plaintiffs' response confirms the presumption. The term "popper truck" apparently refers to the fact that the truck is used to "pop" old reflectors off of the road.

[2] Neither party has provided the Court with a copy of the video.

Video and the work being done on the night of the accident can be considered by the jury in determining the credibility to give the Popper Video [Doc. 86 at Page ID # 1093-96].

In reply, Defendant argues that the purposes Plaintiffs identify for the Popper Video are irrelevant, in that "the issue before this Court is . . . whether Trooper Ryans' location of his patrol vehicle had a causal connection to the injuries of which he presently complains" [Doc. 102 at Page ID # 1519]. Defendant asserts that the Popper Video is unduly prejudicial, but gives no explanation of the prejudice Defendant believes it would cause [Doc. 102 at Page ID # 1520].

Defendant asserts that the key issue is whether the placement of Trooper Ryans' vehicle had a causal connection to his injuries. Other than pointing out certain discrete and explainable differences between the Popper Video and the way in which the work was being conducted on the night of the accident, Defendant has not shown that Plaintiffs are mistaken in asserting that the Popper Video will help explain why Trooper Ryans placed his vehicle as he did on that night. Even according to Defendant's view of the case, therefore, it appears that the Popper Video has probative value.

Next, although Defendant has made the conclusory statement that the Popper Video is unduly prejudicial to Defendant, Defendant has not identified any actual prejudice it could suffer from the admission of the Popper Video.

Finally, the Court notes Defendant's assertions that "there is no issue in the present case regarding any specific element relating to the crash itself, or even how the crash occurred" [Doc. 102 at Page ID # 1520] and that "warning signs . . . are not relevant to . . . the location of the collision that occurred between the Koch Foods vehicle and Trooper Ryans' patrol vehicle" [Doc. 102 at Page ID # 1521]. Because the jury will be asked to compare the fault of Defendant's driver and Trooper Ryans [Doc. 120 at Page ID # 1665], the Court expects that

3

evidence of how the crash occurred, including among other things the placement of warning signs, will generally be relevant.

Accordingly, Defendant's motion in limine is hereby **DENIED IN PART** as to the Popper Video based on the current record.

> **B.  Amended Pretrial Disclosure Items 3-5, 34, and 36: Photographs Taken by Clint Viel, the Tennessee Highway Patrol, and the State of Tennessee, and Exhibits to the Deposition of Johndavid Cochran**

Defendant seeks to exclude certain photographs identified in items 3-5,[3] 34, and 36 of Plaintiffs' Amended Pretrial Disclosures [Doc. 67], namely photographs taken by Clint Viel, photographs taken by the Tennessee Highway Patrol, photographs taken by the State of Tennessee, and Exhibits 4-14 and 18-33 to the Deposition of Johndavid Cochran.  Defendant argues that various of these photographs are irrelevant; indecipherable; voluminous; not representative of the scene at the relevant times; unfairly prejudicial because of their gruesome nature; insufficiently identified for Defendant to know what they are or what more specific objections should be made; and/or bear markings made by a deponent [Doc. 75 at Page ID # 983-86; Doc. 102 at Page ID # 1521-22].  Plaintiffs argue that the photographs are accurate and relevant, and that they should not be subjected to a blanket exclusion [Doc. 86 at Page ID # 1096-98].  Plaintiffs agrees that photographs of fatalities, which may be subject to objection as unfairly prejudicial, will not be shown to the jury without first giving Defendant an opportunity to object.

As neither party has provided the Court with copies of the photographs addressed in this portion of Defendant's motion, the Court will **RESERVE RULING** on the photographs

---

[3] Defendant's motion addresses "Item #3" twice, once referring to photographs taken by Clint Viel, and once referring to photographs taken by the State of Tennessee [Doc. 75 at Page ID # 983, 985].  Item 3 of Plaintiffs' Amended Pretrial Disclosures is identified as "Photos taken by Clint Viel," and item 4 is identified as "Photos taken by the State of Tennessee" [Doc. 67 at Page ID # 808].  The Court therefore takes Defendant's motion as addressing both item 3 and item 4 of Plaintiffs' Amended Pretrial Disclosures.

4

identified in items 3-5, 34, and 36 of Plaintiffs' Amended Pretrial Disclosures [Doc. 67] until it has an opportunity to review the photographs to determine if they are irrelevant under Rule 401 or unfairly prejudicial under Rule 403. Plaintiffs are **ORDERED** to address this matter further outside the presence of the jury before attempting use of any of these photographs.

### C. Amended Pretrial Disclosure Items 48 and 63, PTSD Video and Videos of Bradley County Sheriff's Office

Defendant argues that items 48 and 63 of Plaintiffs' Amended Pretrial Disclosures, a PTSD video and videos taken by the Bradley County Sheriff's Office, are irrelevant [Doc. 75 at Page ID # 986]. Plaintiffs agree not to show these videos [Doc. 86 at Page ID # 1098]. Therefore, Defendant's motion in limine is hereby **GRANTED IN PART** as to items 48 and 63 of Plaintiffs' Amended Pretrial Disclosures [Doc. 67].

## III. CONCLUSION

Defendant's motion in limine to exclude certain photographs and videos [Doc. 75] is hereby **DENIED IN PART** as to item 1 of Plaintiffs' Amended Pretrial Disclosures [Doc. 67] (the "Popper Video") and **GRANTED IN PART** as to items 48 and 63 of Plaintiffs' Amended Pretrial Disclosures [Doc. 67] (the PTSD video and videos taken by the Bradley County Sheriff's Office). The Court will **RESERVE RULING** on the remainder of this motion until it has an opportunity to review the subject photographs to determine if they are irrelevant or unfairly prejudicial. Plaintiffs are **ORDERED** to address this matter further outside the presence of the jury before attempting any use of the subject photographs.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE