TRAVIS LEE RYANS, *et al.*,  )
                             )
    Plaintiffs,              )
                             )
v.                           )    No. 1:13-cv-234-SKL
                             )
KOCH FOODS, LLC,             )
                             )
    Defendant.               )

# ORDER

Before the Court is Defendant's motion in limine to exclude evidence pertaining to the prior driving history of Charles Morgan ("Mr. Morgan") [Doc. 77]. Defendant seeks to exclude evidence of Mr. Morgan's driving schedule for the week before the accident under Rules 401, 402, and 403 of the Federal Rules of Evidence on the grounds that one of Plaintiffs' expert witnesses, Gary Holbrook ("Mr. Holbrook"), testified during his deposition that Mr. Morgan and Defendant were in compliance with Federal Motor Carrier Safety Act ("FMCSA") regulations governing drivers' hours, time off duty, and recovery time when the accident at issue occurred. Defendant relies on Mr. Holbrook's testimony that he found no FMCSA violations that contributed to the accident and that Mr. Morgan's 59.5 hours off duty immediately before the accident reset his regulatory hours-of-duty clock and rendered his prior driving history moot.

Plaintiffs filed a response to Defendant's motion in limine [Doc. 109][1] requesting the Court to deny the motion. Plaintiffs rely on testimony from another of Plaintiffs' expert witnesses, Dennis Wylie, that Mr. Morgan's work schedule violated FMCSA regulations on

---

[1] Plaintiffs' response was originally filed as Document 88, and later refiled at the request of the Court because certain text appeared to be missing from the original filing.

three days during the week before the accident, and that Defendant should have "interrupted" these violations to give Mr. Morgan additional time off the week prior. In the alternative, Plaintiffs rely on *S.V. v. Midwest Coast Transport, Inc.*,[2] No. 01-1422-WEB, 2004 WL 3486464 (D. Kan. Jan. 2, 2004) to argue that they should be able to present testimony regarding Mr. Morgan's work schedule so the jury can decide what effect, if any, it had on Mr. Morgan.

In reply, Defendant reiterates its arguments based on Mr. Holbrook's testimony and states that Plaintiffs' argument regarding allowing the jury to assess the evidence for itself "flies in the face of" Mr. Holbrook's testimony that there were no causally related statutory violations [Doc. 104]. Defendant does not address the potential relevance of Mr. Morgan's driving history to a fatigue argument outside the context of expert testimony or a negligence *per se* claim.

Although Defendant has cited Rules 401, 402, and 403 of the Federal Rules of Evidence, the only grounds Defendant has advanced for excluding evidence of Mr. Morgan's work schedule are that, based on Mr. Holbrook's testimony, any violations the week before are not relevant to causation because of the weekend break. Defendant has not, for example, addressed whether Mr. Morgan's level of fatigue, on its own, is relevant or irrelevant to this action under Rule 401.[3] Defendant has also not made any argument as to the balancing test under Rule 403. Defendant's motion thus depends entirely on Mr. Holbrook's testimony regarding causation and the existence or non-existence of regulatory violations.

---

[2] Plaintiffs cite the case as having the caption *Vance v. Midwest Coast Transport, Inc.* [Doc. 109 at Page ID # 1581].

[3] Defendant argued in its separate motion to exclude Mr. Wylie's expert testimony [Doc. 82 at Page ID # 1066] that deciding whether a work schedule led to fatigue is a matter of common knowledge that a jury can decide without the assistance of expert testimony. *See, e.g., Midwest Coast Transport*, 2004 WL 3486464, at *4 ("The jury can consider [the driver's] work/rest schedule without a needless and possibly confusing overlay of expert opinion regarding the effect of that schedule on [the driver]."). Defendant has not discussed this proposition in relation to Defendant's request to exclude all evidence of Mr. Morgan's driving schedule from the jury's consideration.

The Court has granted Defendant's motions in limine seeking to exclude the proposed expert testimony of both Mr. Holbrook and Mr. Wylie [Doc. 138]. Defendant has articulated no grounds for excluding evidence of Mr. Morgan's work schedule that do not depend on the now-excluded testimony of Mr. Holbrook.

Accordingly, Defendant's motion in limine to exclude evidence pertaining to Mr. Morgan's prior driving history [Doc. 77] is hereby **DENIED**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE