UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| TRAVIS LEE RYANS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-234-SKL |
| | ) | |
| KOCH FOODS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Before the Court is a motion filed by Defendant Koch Foods, LLC ("Defendant") seeking leave to amend its final witness list [Doc. 83]. Plaintiffs Travis Ryans ("Plaintiff Ryans") and Phoebe Catron-Ryans (collectively, "Plaintiffs") filed a response and a corrected response in opposition [Docs. 89, 99].[1] Defendant did not file a reply.

Defendant filed its final witness list on January 30, 2015 [Doc. 34]. Defendant's final witness list identified five individuals with the Tennessee Department of Safety Training Center as "may call" witnesses [Doc. 34 at Page ID # 177-78]. Defendant claims that since the filing of its final witness list, it has discovered that Trooper Steven Bearden ("Trooper Bearden") with the Tennessee Highway Patrol is the individual who actually conducted the construction work zone training of Plaintiff Ryans. Defendant seeks to add Trooper Bearden to its final witness list as a witness it expects to call to testify at trial. Defendant argues Plaintiff Ryans' location within the work zone and the training he received concerning his role within the work zone are relevant at trial and thus it should be allowed to amend its final witness list to include Trooper Bearden.

---

[1] Plaintiffs' second filing corrected one of the exhibits to the response [Doc. 99-1].

Plaintiffs respond that information about the courses Plaintiff Ryans attended concerning working in construction zones was available to Defendant before it filed its final witness list, as it was discussed in Plaintiff Ryans' August 27, 2014 deposition [Doc. 99-1]. Plaintiffs argue that because discovery has closed per the Court's scheduling order, it is too late for Defendant to add a witness to its final witness list. Plaintiffs also argue that the placement of Plaintiff's patrol car in the construction work zone is not relevant to the cause of the accident and thus the testimony of Trooper Bearden is not relevant.

The deadline for the parties to file their final witness list expired months ago [Doc. 25 at Page ID # 104]. Specifically, the Court's scheduling order states:

> On or before **January 27, 2015**, the parties shall provide to all other parties and file with the Court a final witness list in accordance with Fed. R. Civ. P. 26(a)(3)(A)(i). Within five (5) days after service of this final witness list, the list may be supplemented. After that time, the list may be supplemented only with leave of the court and for good cause.

[Doc. 25 at Page ID # 104-05]. Per a joint motion [Doc. 26], the Court granted the parties' request to extend the deadline for filing the final witness lists to January 30, 2015 [Doc. 30]. The trial of this matter is scheduled to begin on August 10, 2015 [Doc. 25 at Page ID # 106].

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The primary measure of good cause for a modification is the movant's diligence in attempting to comply with the original deadline, but courts must also consider any prejudice to the opposing party. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *see also Howerton ex rel. Howerton v. Blomquist*, 240 F.R.D. 378, 383 (E.D. Mich. 2007) (excluding witnesses who were not included on plaintiff's final witness list, but whom plaintiff sought to add through final pretrial order after discovery ended).

While Defendant is required to demonstrate good cause under Rule 16 to succeed in its motion, Defendant does not address the application of Rule 16 or the Court's scheduling order in its motion. In addition, Defendant does not set out a basis for finding good cause, and Defendant does not address any potential prejudice to Plaintiffs. The only explanation Defendant gives for its failure to identify Trooper Bearden sooner is that Defendant, through conversations with the attorney for the State of Tennessee, recently discovered Trooper Bearden's name as the person who conducted Plaintiff Ryans' training [Doc. 83 at Page ID # 1085]. This does not set forth any cause, let alone good cause.[2]

The Court finds Defendant has not shown good cause to amend its final witness list to add Trooper Bearden. The Court further finds that the addition of this previously undisclosed witness would prejudice Plaintiffs. *See Acuity Mut. Ins. Co. v. Frye*, No. 1:09-cv-157, 2010 WL 1417860, at *1-2 (E.D. Tenn. Mar. 30, 2010) (denying motion to amend final witness list less than a month before trial to add two expert witnesses as to whom there had not been sufficient Rule 26(a)(2)(B) disclosures; allowing addition of fact witness whose affidavits had been filed months earlier); *see also England v. Suzuki Motor Corp.*, No. 3:06-CV-18, 2007 WL 2426403, at *1-2 (E.D. Tenn. Aug. 21, 2007) (denying leave to file supplemental witness list adding one fact witness when motion was untimely and witness's fact testimony, without additional expert opinions, would only confuse the jury).

---

[2] The Court notes Defendant opposed a late proposed amendment of the complaint on similar grounds, discussing Plaintiffs' failure to address the application of Rule 16 and alleging that Defendant would be prejudiced by the approaching deadline for discovery [Doc. 36 at Page ID # 183]. The Court denied Plaintiffs leave to amend [Doc. 38].

3

Accordingly, Defendant's motion to amend its final witness list [Doc. 83] is hereby **DENIED**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE